(No. 74-CV-45—)

GASPAR RODRIGUEZ, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 6, 1975.*

GASPAR RODRIGUEZ, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on March 1, 1974, at 3935 West Chicago Avenue, Chicago, Illinois. Gaspar Rodriguez, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev.*

*Stat., 1973, Ch. 70, Sec. 71, et. seq.* (hereafter referred to as "*the Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based on these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Gaspar Rodriguez, age 47, was a victim of a violent crime, as defined in Sec. 2 (c) of the Act, to wit:

"Aggravated Battery" (*Ill. Rev. Stat., 1973, Ch. 38, Sec. 12-4*).

2. That on March 1, 1974, the claimant was shot in the neck during a robbery attempt at the "El Tanampa" club, 3935 West Chicago Avenue, Chicago, Illinois.

3. That the victim was hospitalized from March 1, 1974, to March 13, 1974, and received treatment for injuries sustained in the shooting. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

4. That the criminal offense was promptly reported to law enforcement officials, and the claimant has fully cooperated with their requests for assistance in the investigation.

5. That the assailant has not been identified or apprehended. The investigation of the case remains open.

6. That statements, taken by police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

7. That there is no evidence that the victim and his assailant were related or sharing the same household.

8. That the victim's average monthly earnings for the 6 months immediately preceding his injuries were $585.98, but earnings of only $500 per month can be considered as the basis for determining loss of earnings, pursuant to the following provision in Sec. 4 of the Act:

". . . loss of support shall be determined on the basis of the victim is average monthly earnings for the 6 months immediately preceding the date of the injury or on $500.00 per month, whichever is less."

That the claimant has demonstrated that, due to injuries sustained in the incident, he missed 18 days of work. By using the court-accepted method of computing lost wages—Number of lost work days (18) multiplied by the average monthly income ($500) divided by the average number of days in a month (30.4)—the claimant's compensable losses due to lost work days may be determined to total $295.92.

9. That the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Hospital | $4,458.55 |
| 2) | Medical | $1,457.00 |
| 3) | Loss of salary | $ 295.92 |
| 4) | Records | $ 3.00 |

$6,214.47

10. That, in determining the amount of compensation to which an applicant is entitled, Sec. 7(d) of the Act states that this court—

"(d) shall deduct $200.00 plus the amount of benefits, payments, or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State, or Federal funds, or from any other source (except annuities, pension plans, Federal social security benefits, and the net proceeds of the first ($25,000) Twenty-five thousand dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by Sec. 7(d) of the Act, were shown to be in the total sum of $5,758.85. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶9, leaves an amount of compensable loss sustained by the claimant of $255.62.

IT IS HEREBY ORDERED that the sum of $255.62 (TWO HUNDERD FIFTY FIVE DOLLARS AND SIXTY TWO CENTS) be awarded to the claimant, Gaspar Rodriguez, as the innocent victim of a violent crime.